IN THE UNITED STATES DISTRICT COURT 
 FOR THE DISTRICT OF SOUTH CAROLINA 
 AIKEN DIVISION 

Donald Eugene Peters, ) Civil Action No. 9:22-cv-03275-SAL 
 ) 
 Petitioner, ) Order Adopting [28] Report and 
 ) Recommendation 
 v. ) 
 ) 
Levern Cohen, Warden of Ridgeland ) 
Correctional Institution, ) 
 ) 
 Respondent. ) 
 ) 

This matter is before the court on the Report and Recommendation of Magistrate Judge 
Molly H. Cherry (Report) made in accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 
73.02(B) (D.S.C.). [ECF No. 28.] 
Petitioner, an inmate at the South Carolina Department of Corrections proceeding pro se, 
filed a Writ of Habeas Corpus in this court pursuant to 28 U.S.C. § 2254. [ECF No. 1.] Respondent 
filed a Return [ECF No. 19] and Motion for Summary Judgment. [ECF No. 20.] The magistrate 
judge issued a Roseboro order directing the clerk to forward an explanation of dismissal 
procedures to Petitioner and directing him to respond to the Motion in thirty-one days. [ECF No. 
21.] Petitioner filed a Motion for Extension of Time to respond [ECF No. 23], which the magistrate 
judge granted, giving Petitioner a sixty-day extension, or until May 12, 2023, to respond. [ECF 
No. 24.] The extended deadline ran with no response from Petitioner. Another nineteen days 
passed with no Response from Petitioner, and the magistrate judge issued her Report 
recommending that this action be dismissed for lack of prosecution. [ECF No. 28.] 
Attached to the Report was a Notice of Right to File Objections, which directed Plaintiff 
to file specific written objections within fourteen days of the date of service of the Report. Id. at 
4. Objections were due June 14, 2023. Another three weeks have passed since the deadline, and 
Petitioner has not filed an Objection. This matter is ripe for ruling. 
 The magistrate judge makes only a recommendation to this court. The recommendation 
has no presumptive weight, and the responsibility to make a final determination remains with this 
court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a 
de novo determination of only those portions of the Report that have been specifically objected to, 
and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). 
With no objections, the court need not explain its reasons for adopting the Report and must “only 
satisfy itself that there is no clear error on the face of the record in order to accept the 
recommendation.” Diamond vy. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) 
(citing Fed. R. Civ. P. 72 advisory committee’s note). 
 After a thorough review of the Report, the applicable law, and the record of this case in 
accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 28, 
and incorporates the Report by reference. Accordingly, this case is DISMISSED without prejudice 
for lack of prosecution. 
IT IS SO ORDERED. 
 dhe t. 
July 7, 2023 Sherri A. Lydon 
Columbia, South Carolina United States District Judge